1   Caroline Larsen, SBN 022547
2   Douglas (Trey) Lynn, SBN 028054
    OGLETREE, DEAKINS, NASH,
3   SMOAK & STEWART, P.C., #00504800
    2415 East Camelback Road, Suite 800
4   Phoenix, Arizona 85016
5   Telephone:  (602) 778-3700
    Caroline.Larsen@ogletreedeakins.com
6   Trey.Lynn@ogletreedeakins.com

7   Attorneys for Defendant

8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Gastelum, | No. 2:17-cv-02621-JJT |
| Plaintiff, | **DEFENDANT'S MOTION TO CONSOLIDATE RELATED LAWSUITS** |
| vs. | |
| G6 Hospitality Property, LLC, d/b/a Motel 6 Phoenix North, 8152 North Black Canyon Hwy, Phoenix, Arizona, | |
| Defendants. | |

Defendant G6 Hospitality Property, LLC, d/b/a Motel 6 Phoenix North, 8152 North Black Canyon Hwy, Phoenix, Arizona ("G6 Hospitality" or "Defendant") moves to consolidate four related, substantially identical lawsuits filed by Plaintiff in the United States District Court for the District of Arizona: *Fernando Gastelum v. G6 Hospitality Property, LLC, d/b/a Motel 6 Phoenix North, 8152 North Black Canyon Hwy, Phoenix, Arizona*, Case No. 2:17-cv-02621-JJT (the "First Suit"), *Fernando Gastelum v. G6 Hospitality Property, LLC, d/b/a Motel 6 (4130 N. Black Canyon Hwy)*, Case No. 2:17-cv-02969-DJH (the "Second Suit"), *Fernando Gastelum v. G6 Hospitality Property LLC dba Studio 6 Deer Valley*, 2:17-cv-03535-DLR (the "Third Suit"), and *Fernando Gastelum v. G6 Hospitality Property, LLC*, Case No. 2:17-cv-04119-SPL (the "Fourth

Suit") (collectively the "Lawsuits"), pursuant to Federal Rule of Civil Procedure 42(a)(2) and LR Civ. 42.1(b).

## I.    Background

Plaintiff Gastelum is a serial plaintiff who has filed at least 57 lawsuits in this Court against various hotels and motels in the Phoenix, Arizona area since July 29, 2017. Plaintiff filed his latest complaint on November 8, 2017. The allegations in all of Plaintiff's complaints are largely identical in nature. Plaintiff claims he has a disability and uses a wheelchair. (ECF No. 1 ¶ 2; Case No. 2:17-cv-02969-DJH, ECF No. 1 ¶ 2; Case No. 2:17-cv-03535-DLR, ECF No. 1 ¶ 2; Case No. 2:17-cv-04119-SPL, ECF No. 1 ¶ 2.) Plaintiff alleges that the hotel and motel defendants do not comply with various requirements of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189 (the "ADA"). Plaintiff also asserts several Arizona common law claims, including negligence, negligent misrepresentation, failure to disclose, and common law and consumer fraud.

Plaintiff makes nearly identical allegations against four different Motel 6 locations in each of the Lawsuits that are the subject of this Motion. G6 Hospitality owns and operates each of these motels. Plaintiff made no attempt to resolve his alleged concerns regarding ADA accessibility by contacting G6 Hospitality before filing suit. He filed the First Suit on August 5, 2017, the Second Suit on August 31, 2017, the Third Suit on October 5, 2017, and the Fourth Suit on November 8, 2017. All four cases are in the earliest stages. G6 Hospitality has filed answers in the first three cases, and served its Mandatory Initial Discovery Responses in the First Suit and the Second Suit. No trial dates have been set.

## II.    Consolidation is Appropriate.

The Court may consolidate two or more cases pending before different judges within the District under the following circumstances:

> When two or more cases are pending before different Judges, a party in any of those cases may file a motion to transfer the case or cases to a

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

single Judge on the ground that the cases: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; ... (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges.

LR Civ. 42.1(a). "[C]onsolidation is within the broad discretion of the district court." *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) (citing *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013-14 (5th Cir.1977)). Rule 42.1(a) does not require proof of each of these factors before consolidating the cases, however, a showing of multiple factors makes consolidation all the more appropriate. *See Gagan v. Estate of Sharar*, 2008 WL 2810978, at *2 (D. Ariz. July 18, 2008). Even absent a motion from one of the parties, trial courts may consolidate cases *sua sponte*. *In re Adams Apple, Inc.*, 829 F.2d at 1487 (citing 9 C. Wright & A. Miller, *Federal Practice & Procedure: Civil* § 2383 at n. 37). "The underlying purpose of Rule 42 is to promote economy in the administration of justice." *Guild Assocs., Inc. v. Bio-Energy (Washington), LLC*, 309 F.R.D. 436, 439 (S.D. Ohio 2015) (citation omitted). That purpose would be served by consolidating these Lawsuits.

The Lawsuits all arise from the same transaction or event, namely Plaintiff's claim that he called and visited the Motel 6 locations at issue and believes that each property failed to comply with certain requirements of the ADA. In each case, Plaintiff claims that he first visited Expedia, a third-party reservation website, to view information regarding the ADA accessible features at each property. (ECF No. 1 ¶ 26; Case No. 2:17-cv-02969-DJH, ECF No. 1 ¶ 26; Case No. 2:17-cv-03535-DLR, ECF No. 1 ¶ 26; Case No. 2:17-cv-04119-SPL, ECF No. 1 ¶ 26.) Plaintiff then claims that he visited Motel 6's website to determine whether the properties were ADA accessible. (ECF No. 1 at ¶ 30; Case No. 2:17-cv-02969-DJH, ECF No. 1 ¶ 30; Case No. 2:17-cv-03535-DLR, ECF No. 1 ¶ 30; Case No. 2:17-cv-04119-SPL, ECF No. 1 ¶ 31.) Plaintiff alleges he then called each property to inquire about the accessible features, after which he visited each Motel 6 to verify if the properties were "suitable for [his] accessibility needs." (ECF No. 1 at ¶¶ 33-

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

36; Case No. 2:17-cv-02969-DJH, ECF No. 1 ¶¶ 33-36; Case No. 2:17-cv-03535-DLR, ECF No. 1 ¶¶ 33-36; Case No. 2:17-cv-04119-SPL, ECF No. 1 ¶¶ 34-37.)

In each case, Plaintiff claims that the properties at issue failed to comply with numerous requirements of the ADA and, therefore, he declined to stay at the properties as a result. (ECF No. 1 at ¶ 38; Case No. 2:17-cv-02969-DJH, ECF No. 1 ¶ 38; Case No. 2:17-cv-03535-DLR, ECF No. 1 ¶ 38; Case No. 2:17-cv-04119-SPL, ECF No. 1 ¶ 39.)

A.    The Lawsuits Involve the Same Parties.

All four Lawsuits involve the same parties - Plaintiff Fernando Gastelum and Defendant G6 Hospitality. The only differences in the Lawsuits are the different Motel 6 locations involved. However, as stated previously, G6 Hospitality owns and operates all four Motel 6 properties at issue.

B.    The Lawsuits Involve Substantially the Same Questions of Law.

All of the Lawsuits involve the same legal questions—whether the properties at issue comply with the requirements of the ADA. "For purposes of Rule 42 consolidation, questions of law and fact need not be identical," however, in these cases, the allegations in the Lawsuits are virtually identical and raise the same questions of law. *Guild Assocs., Inc. v. Bio-Energy (Washington), LLC*, 309 F.R.D. 436, 440 (S.D. Ohio 2015) (citations omitted); *see Parra v. Bashas' Inc.*, 2009 WL 1024615, at *5 (D. Ariz. Apr. 15, 2009) (cases called for determination of substantially the same questions of law because plaintiff's allegations, though not identical, were "strikingly similar"); *See Gagan v. Estate of Sharar*, 2008 WL 2810978, at *3 (D. Ariz. July 18, 2008) (noting that "exactness is not the standard" under LR Civ. 42.1). In each Complaint, Plaintiff cites similar features that he claims fail to comply with the requirements of the ADA in the same ways, including the parking spaces (ECF No. 1 ¶ 36(a)-(b), (e); Case No. 2:17-cv-02969-DJH, ECF No. 1 ¶ 37(b); Case No. 2:17-cv-03535-DLR, ECF No. 1 ¶ 37(a)-(d); Case No. 2:17-cv-04119-SPL, ECF No. 1 ¶ 38(a)-(c)), stairs and hand rails (ECF No. 1 ¶ 36(g); Case No. 2:17-cv-02969-DJH, ECF No. 1 ¶ 37(c); Case No. 2:17-cv-03535-DLR,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

4

ECF No. 1 ¶ 37(i); Case No. 2:17-cv-04119-SPL, ECF No. 1 ¶ 38(d), (m)), and various walkways and/or slopes (ECF No. 1 ¶ 36(d), (f), (h)-(i)); Case No. 2:17-cv-02969-DJH, ECF No. 1 ¶ 37(d)-(h); Case No. 2:17-cv-03535-DLR, ECF No. 1 ¶ 37(e)-(g), (j)-(p); Case No. 2:17-cv-04119-SPL, ECF No. 1 ¶ 38(e)-(f)).

In each Lawsuit, Plaintiff claims that the removal of the alleged accessibility barriers he has identified is readily achievable. (ECF No. 1 ¶ 38, (f), (h)-(i)); Case No. 2:17-cv-02969-DJH, ECF No. 1 ¶ 39; Case No. 2:17-cv-03535-DLR, ECF No. 1 ¶ 39; Case No. 2:17-cv-04119-SPL, ECF No. 1 ¶ 40.) Plaintiff further claims the alleged ADA violations denied him equal access to the properties. (ECF No. 1 ¶ 39; Case No. 2:17-cv-02969-DJH, ECF No. 1 ¶ 40; Case No. 2:17-cv-03535-DLR, ECF No. 1 ¶ 40; Case No. 2:17-cv-04119-SPL, ECF No. 1 ¶ 41.) Plaintiff further claims that the Motel 6 website, www.motel6.com, "failed to identify and describe mobility related accessibility features and guest rooms offered through its reservation service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's hotel meets his accessibility needs." (ECF No. 1 ¶ 31; Case No. 2:17-cv-02969-DJH, ECF No. 1 ¶ 31; Case No. 2:17-cv-03535-DLR, ECF No. 1 ¶ 31; Case No. 2:17-cv-04119-SPL, ECF No. 1 ¶ 32.)

In each of the Lawsuits, in addition to his ADA claims, Plaintiff asserts claims for negligence, negligent misrepresentation, failure to disclose, fraud, and consumer fraud. (ECF No. 1 ¶¶ 40-93; Case No. 2:17-cv-02969-DJH, ECF No. 1 ¶¶ 41-92; Case No. 2:17-cv-03535-DLR, ECF No. 1 ¶ 41-92 Case No. 2:17-cv-04119-SPL, ECF No. 1 ¶¶ 42-93.) As stated above, each Complaint is virtually identical and Plaintiff has identified the same witnesses in his initial disclosures in each of the Lawsuits. Similarly, G6 Hospitality anticipates that it will rely on many of the same witnesses to support its defenses in all four Lawsuits.

**C.    There will be Substantial Duplication of Labor if the Lawsuits are Not Consolidated.**

The Court should consolidate the Lawsuits because, under the "catch all" of LR 42.1(5), failure to consolidate will result in litigation of the same questions of law and

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. 2415 EAST CAMELBACK ROAD, SUITE 800 PHOENIX, ARIZONA 85016 (602) 778-3700

fact in four separate proceedings before four different Judges, resulting in "substantial duplication of labor" and potential inconsistencies in the proceedings. "In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy." *Devlin v. Transportation Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (citation omitted). "[C]onsolidation is usually the most efficient method of adjudicating cases arising from common law or fact." *Guild Assocs., Inc. v. Bio-Energy (Washington), LLC*, 309 F.R.D. 436, 441 (S.D. Ohio 2015) (citation omitted). "Efficiency is determined by the need to analyze issues common to all parties, overlap in discovery, witnesses, and evidence." *Id.* In light of the substantial overlap in parties, claims, legal theories, discovery, witnesses, and evidence in these Lawsuits, consolidating these cases will inarguably promote judicial efficiency and reduce the burden and attorneys' fees imposed upon the parties. Conversely, there is no potential prejudice to the parties if the Lawsuits are consolidated that could justify keeping the actions separate.

## III.    Requested Relief

Defendant respectfully requests that the Court consolidate the three other related actions pending in United States District Court of the District of Arizona: *Fernando Gastelum v. G6 Hospitality Property, LLC, d/b/a Motel 6 (4130 N. Black Canyon Hwy)*, Case No. 2:17-cv-02969-DJH, *Fernando Gastelum v. G6 Hospitality Property LLC dba Studio 6 Deer Valley*, 2:17-cv-03535-DLR, and *Fernando Gastelum v. G6 Hospitality Property, LLC*, Case No. 2:17-cv-04119-SPL with this case. A proposed order is attached. Defendant also requests that the Clerk provide a copy of this motion and any corresponding order to Judge Diane J. Humetewa in the Second Suit, Judge Douglas L. Rayes in the Third Suit, and Judge Steven P. Logan in the Fourth Suit.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

DATED this 9th day of November 2017.

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

By       s/Caroline Larsen
          Caroline Larsen
          Douglas (Trey) Lynn
          2415 East Camelback Road, Suite 800
          Phoenix, Arizona 85016
          Attorneys for Defendant

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

7

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of November 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF Systems for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Peter Strojnik, State Bar No. 6464
STROJNIK P.C.
2375 East Camelback Road Suite 600
Phoenix, Arizona 85016
ADA@strojnik.com

Attorneys for Plaintiff


s/Kathleen M. Hubert

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700